IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL BOYCE, individually and on behalf of a class of persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) | Case No.<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |
| SSP AMERICA MDW, LLC; AND SSP AMERICA, INC., | ) ) ) | |
| Defendants. | ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, NATHANIAL BOYCE, individually and on behalf of a class of persons similarly situated (referred to herein collectively as "Plaintiffs") through their attorneys, and for their Complaint against Defendants SSP AMERICA MDW, LLC and SSP AMERICA, INC.("SSP" or "Defendant"), states as follows:

**THE PARTIES AND JURISDICTION**

1. Defendant SSP AMERICA, INC. provides food & beverage services through restaurants for travelers at airports and rail stations in more than 30 countries. At Chicago's Midway International Airport, SSP AMERICA, INC. has established an entity, SSP AMERICA MDW, LLC that has partnered with several Chicago restaurants and brands to provide food services there. Plaintiffs are current and former SSP employees who bring this action to recover unpaid wages, unpaid straight time and overtime compensation, liquidated damages, statutory penalties, attorneys' fees, and costs from Defendants, pursuant to the

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. (the "IMWL"), and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, et seq. (the "Ordinance") for failure to pay them required overtime wages and minimum wages.

2. Jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331 on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States, and by Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This Court's supplemental jurisdiction over Plaintiffs' Illinois claim arising under the IMWL and Plaintiffs' municipal ordinance claim arising under the Ordinance, is required pursuant to 28 U.S.C. § 1367(a), because those claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 as the illegal conduct alleged herein occurred in this district.

4. Plaintiffs bring Count I of this action as a collective action, pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs bring Counts II and III of this action as a class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

5. Plaintiff Nathaniel Boyce's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit 1.

6. Plaintiff Nathaniel Boyce is a resident and citizen of Chicago, Illinois and is a current employee of Defendants. Mr. Boyce has worked for Defendants since approximately October, 2017, most recently at its location at 5757 West 59th Street in Chicago, Cook

County, Illinois, as kitchen staff, in an hourly non-exempt position. Prior to that assignment, Mr. Boyce worked at Defendants' location nearby on South Archer Avenue in Chicago, Illinois.

7. Mr. Boyce has been responsible for the preparation and serving of food and related duties and responsibilities for Defendants.

8. Defendant SSP America MDW, LLC is an Illinois limited liability company. One of its five managing agents is Defendant SSP America, Inc. Its registered agent in the State of Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9. Defendant SSP America, Inc. is a California corporation; and is one of five entities registered with the State of Illinois as a managing agent for Defendant SSP America MDW, LLC. SSP America, Inc. manages and acts as the parent organization of Defendant SSP America MDW, LLC. It is registered as a foreign business corporation with the State of Illinois; but is presently not in good standing. Its registered agent in the State of Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

10. At all relevant times, Defendants have been and are each an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s).

11. At all relevant times, each of Defendants have been "employers" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d); Section 3(c) of the IMWL, 820 ILCS § 105/3(c); and Chapter 1-24, Section 1-24-010 of the Ordinance.

12. At all relevant times, each of the Plaintiffs and each of the putative class members Plaintiff Boyce seeks to represent have been "employees" of Defendants as defined by Section

3(e) of the FLSA, 29 U.S.C. § 203(e); Section 3(d) of the IMWL, 820 ILCS § 105/3(d); and Chapter 1-24, Section 1-24-010 of the City of Chicago Minimum Wage Ordinance.

## FACTS IN SUPPORT OF PLAINTIFFS' CLAIMS

13. Defendants have employed Plaintiffs to perform work for Defendants, as "non-exempt" hourly employees.

14. Plaintiffs were and are "non-exempt" employees under the FLSA, the IMWL, and the Ordinance, because of their positions and respective duties.

15. Plaintiffs worked as kitchen staff and in related positions employees at Defendants' locations in Chicago, Illinois, during the prior three years.

16. Upon information and belief, Plaintiffs and all employees were trained by Defendants in accordance with very specific requirements mandated by Defendant SSP America, Inc.

17. Plaintiffs were hired by and employed by Defendants with the agreement between them that Plaintiffs will be paid an agreed upon hourly rate of pay for all time worked for Defendants.

18. Defendants failed to pay Plaintiffs, and all other non-exempt hourly employees, for all of the time Plaintiffs spent working for Defendants, even though such time was required and/or permitted by Defendants.

19. Specifically, Defendants failed to pay Plaintiffs for time worked prior to the start time of the scheduled shift of each employee, notwithstanding that Plaintiffs were required to or permitted to, and in fact did work for Defendants, for up to a half hour of time (and sometimes more), prior to their scheduled shift start time, each day they were assigned to

work; and, in addition, Defendants failed to pay Plaintiffs for time worked following their scheduled shift.

20. The work performed by Plaintiffs included performing stocking and preparation for the day's customers, prior to the beginning of their scheduled shift; including moving stock in the restaurants; and cleaning, mopping, sweeping, wiping counter-tops and preparing for the opening and closing of the restaurants, and assistance in the kitchen, before, during and after Plaintiffs' scheduled shifts, as well as counting out cashier drawers and logging into the POS system to schedule shift members.

21. Defendants also often failed to provide Plaintiffs with two paid fifteen-minute breaks during their daily shifts.

22. Plaintiffs often worked more than seven and one-half continuous hours for Defendants during their shifts; and did so without any meal break provided or permitted by Defendants.

23. Defendants failed to provide Plaintiffs with a full meal break during many of Plaintiffs' shifts, even though Plaintiffs worked more than seven and a half continuous hours.

24. Alternatively to paragraph 22 & 23, Defendants failed to provide Plaintiffs with an uninterrupted meal break of at least twenty minutes in duration; and/or Defendants failed to provide a meal break that started within five hours after the time Plaintiffs began work.

25. Defendants required and/or permitted Plaintiffs to clock in before their scheduled shift time, and to clock out after their scheduled shift time.

26. Defendants only recorded the time worked by Plaintiffs by recording the time when their scheduled shift began and ended; and frequently failed to record all of that time worked.

27. Defendants' managers frequently manipulated time records to the detriment of Plaintiffs by, *inter alia,* transferring overtime hours worked in one week to the next week in order to attempt to classify such time as straight time hours worked in the next week; and by deleting time records of actual time worked altogether.

28. Plaintiffs complained to Defendants about Defendants' failure to properly account for and compensate Plaintiffs for the work they performed.

29. Plaintiff Boyce complained to Defendant SSP about Defendants' failure to properly account for and compensate Plaintiff and other employees for the work they performed for Defendants; but Defendants did not take action to respond to their complaints.

30. Defendants engaged in a policy and practice of rounding the actual time worked by Plaintiffs to their scheduled shift time, to Plaintiffs' detriment.

31. Defendants engaged in a policy and practice of paying Plaintiffs for their rounded hours, or less, and not the actual time worked and/or all time worked by Plaintiffs.

32. Defendants have a policy and practice of requiring and/or permitting Plaintiffs to perform work during their unpaid meal breaks.

33. Defendants have a policy and practice of requiring and/or permitting Plaintiffs to perform work before the start time of their scheduled shifts, both on and off the clock.

34. Defendants have a policy and practice of requiring and/or permitting Plaintiffs to perform work after the end time of their scheduled shifts, both on and off the clock.

35. Defendants recorded some of the time worked by all Plaintiffs through the use of a computerized time keeping system.

36. Defendants' management has a common policy and practice of logging employees into and out of the time keeping system, for meal periods, for fifteen-minute breaks, and for the beginning and the end of their shifts.

37. Upon information and belief, the data entered into this computerized time keeping systems was transmitted to and reviewed by all Defendants, along with actual payroll data for the same time periods; and a reasonable review of that data and subsequent data reflecting actual pay would reflect that the Plaintiffs' time worked had been rounded to scheduled shift time, and/or that meal breaks were unpaid.

38. Hundreds of non-exempt hourly employees employed by Defendants during the statutory recovery periods have used swipe cards and/or other electronic time clocking as their daily timekeeping system, similarly to the named Plaintiff.

39. Defendants have rounded the actual punch in and punch out times of their non-exempt hourly employees during all and/or part of the statutory recovery periods, similarly to the named Plaintiff.

40. While working as kitchen staff, Plaintiff and the putative class members were permitted by Defendant SSP and/or other managerial and/or supervising employees of Defendants acting under the direction and control of Defendant SSP America, Inc. and with the knowledge of Defendants SSP America, Inc. to arrive early, before the employees' scheduled shift time, in order to begin working, prior to the start time of their regularly-scheduled shifts.

41. While working as employees during the statutory recovery periods, Plaintiff and the putative class members would therefore regularly arrive and punch-in for work before the start time of their scheduled shifts.

42. While working as employees during the statutory recovery periods, Plaintiff and the putative class members regularly performed work before punching-in, and before the start time of their scheduled shifts, including but not limited to donning required clothing and equipment, collecting supplies, preparing equipment, meeting with supervisors, assisting in the kitchen, and other work and tasks.

43. While working employees during the statutory recovery periods, Plaintiff and the putative class members regularly performed work after punching-in, but before the start time of their scheduled shifts, including but not limited to donning required clothing and equipment, collecting supplies, preparing equipment, meeting with supervisors, assisting in the kitchen, and other work and tasks.

44. While working as employees during the statutory recovery periods, Plaintiff and the putative class members regularly worked through some or all of their unpaid meal breaks.

45. While working as employees during the statutory recovery periods, Plaintiff and the putative class members regularly clocked-out after the end time of their scheduled shifts.

46. During the statutory recovery periods, Defendants adjusted actual clock-in and clock-out times to conform with even hours and/or scheduled shift times, which typically resulted in Plaintiff and putative class members being paid for only their scheduled shift time, and not their actual time worked.

47. At the end of a pay period, Defendants and/or employees of Defendants acting under the direction and control of Defendants would delete any recorded time reflected on Plaintiffs' and the putative class members' time records that was logged prior to the scheduled start time, and/or after the scheduled end time, of their regularly scheduled shifts. The rounded times, not the actual times, were then used to calculate and process payroll for Plaintiffs.

48. During the statutory recovery periods, Plaintiff and the putative class members were regularly not paid for the additional straight time performed prior to the start time of their scheduled shifts.

49. During the statutory recovery periods, Plaintiff and the putative class members were regularly not paid for the additional straight time performed after the end time of their scheduled shifts.

50. During the statutory recovery periods, Plaintiff and the putative class members were not regularly paid for the additional overtime work performed prior to the start time of their scheduled shifts.

51. During the statutory recovery periods, Plaintiff and the putative class members were regularly not paid for the additional overtime work performed after the end time of their scheduled shifts.

52. During the statutory recovery periods, Plaintiffs and the putative class members were not regularly paid for the additional straight time or overtime work, as the case may be, performed during their unpaid meal breaks.

53. During the statutory recovery periods, Defendants failed to record, through Plaintiff's and the putative class members' time keeping records, the exact times of any break periods provided to Plaintiff and the putative class members.

54. Plaintiff Boyce often worked a significant amount of time per work week of unpaid time, some of which may constitute overtime.

55. Records indicating the approximate number of hours that Plaintiff and the putative class members worked and were paid are in the exclusive possession and control of Defendants.

56. Defendants' practice of rounding employees' time is wide-spread and has occurred for a significant period of time during and prior to the statutory recovery periods.

57. The identity of the employees who were injured as set forth above can be determined from the time records themselves, which are required to be kept by Defendants pursuant to 29 C.F.R. § 516 and the FLSA and other relevant law.

58. The setting of wage and hour policies and practices for Defendants' employees is directly established by Defendants, and implemented by their management upon the employees working for Defendants.

59. At all times relevant herein, Defendants directly and/or jointly with all other of Defendants' agents, originated, controlled and implemented the policy, practice and procedure of disciplining all hourly employees who arrive after the start time of their scheduled shift.

60. At all times relevant herein, Defendants directly and/or jointly with all other of Defendants' agents, originated, controlled and implemented the policy, practice and procedure

of paying Plaintiffs for their rounded hours and not the actual recorded time worked and/or all time worked by Plaintiffs.

61. As a result of Defendants' wage and hour and rounding practices as alleged herein, the Defendants benefited from reduced labor and payroll costs which, in turn, increased the earnings of all Defendants.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(Brought as a Collective Action by Plaintiffs Nathaniel Boyce, on Behalf of All Others Similarly Situated)**

1-61. Plaintiffs re-allege Paragraphs 1 through 61 as and for Paragraphs 1 through 61 of this Count I.

62. Plaintiffs bring this count as a collective action on behalf of themselves and other similarly situated hourly employees pursuant to 29 U.S.C. §216(b) to recover unpaid straight time waged, overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed.

63. Plaintiffs and the putative class members are hourly-paid, non-exempt employees whom Defendants employed during the three year statutory period and whose daily time worked was rounded and/or unpaid as described above.

64. The proposed collective class of similarly situated persons is defined as

> "All individuals who were and/or are currently employed by either of Defendants, their subsidiaries, affiliates, predecessors and/or successors, as kitchen staff or in similarly titled positions at any time during the relevant statute of limitations whose actual time worked was rounded to their detriment."

65. Common questions of law and fact exist as to all members of the class and predominate over any questions that affect only individual members of the class. These common questions of law and fact include:

   i) whether Defendants improperly rounded the actual punch-in and punch-out times for its employees;

   ii) whether Defendants failed to pay employees for the time they worked prior to or after their scheduled shifts; and

   iii) whether Defendants improperly failed to pay employees for time worked during their unpaid meal break.

66. Defendants operated under a scheme and practice, as described above, to deprive Plaintiff and the collective class of straight time and overtime compensation and thereby increase their earnings and, ultimately SSP America, Inc.'s profits.

67. Section 206(a)(1) of the FLSA requires that an employer must pay its employees straight time, at the federally-mandated rate of pay, for all hours worked each week.

68. Section 207(a)(1) of the FLSA requires that an employer must pay its employees overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

69. Plaintiff and the putative class members were not paid for all hours worked in a week; and were not paid for all hours worked in excess of 40 in a week, in violation of the minimum and maximum hours provisions of the FLSA, to wit, 29 U.S.C. 206(a) and 207(a).

70. Plaintiff and members of the collective class were subject to the control of Defendants and engaged in activities that were not undertaken for Plaintiffs' own convenience, necessary for the performance of their duties for Defendants and integral and indispensable to their principal activities. Despite this, Plaintiffs and other members of the collective class

regularly were required to work "off the clock" as set forth herein that entitled them to compensation:

a. During meal periods, which were not time for which Plaintiffs were paid, Defendants required and/or permitted Plaintiff and the putative class members to work and to remain on duty on the premises or at a prescribed work site in the interest of the employer.

b. Defendants required and/or permitted Plaintiff and the putative class members to work off the clock prior to the beginning of the employee's scheduled shift.

c. Defendants required and/or permitted Plaintiff and the putative class members to remain on duty on the premises or at a prescribed work site, after they were punched-out and off the clock, in the interest of the employer.

71. Defendants' rounding practices violated the straight time and overtime provisions of the FLSA because Defendants did not pay the straight time and overtime wages for all work performed by Plaintiff and the similarly-situated employees.

72. Defendants' rounding practices as set forth herein violate the record-keeping requirements set forth in Section 29 U.S.C. § 211(c), and in 29 C.F.R. § 516.2(7)-(9).

73. At all times relevant hereto, the action of Defendants to not pay straight time pay for all hours worked in a week, and overtime or premium pay for all hours worked over 40 in a week, and their failure to keep accurate payroll records was willful in that Defendants knew that the FLSA required them to pay Plaintiffs straight time for all hours worked and time and one-half for all hours worked over 40 in a workweek and Defendants knew that the FLSA required them to maintain true and accurate records.

74. As a direct and proximate result thereof, Plaintiff and similarly situated employees are due unpaid overtime and liquidated damages, pursuant to 29 U.S.C. § 216.

75. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid straight time and overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

76. Plaintiffs estimate that there are over one hundred (100) putative members of the collective class. The precise number of collective class members can be ascertained by using Defendants' payroll and personnel records.

WHEREFORE, Plaintiff Nathaniel Boyce seeks the entry of an order of judgment against Defendants, jointly and severally, under Count I as follows:

A. Authorize notice at the earliest possible time informing the similarly situated employees that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked regular hours or overtime hours in excess of forty hours in a week during the liability period;

B. Order the Defendants to furnish to counsel a list of all names and last known addresses of all non-exempt hourly-paid employees employed by Defendants who currently or previously worked for Defendants in the United States within three years of the filing of the original Complaint, and whose time was rounded to their detriment;

C. Declare and find that the Defendants committed one or more of the following acts:

    i. Violated straight time provisions of the FLSA by failing to pay straight time wages to Plaintiffs and similarly situated persons who opt-in to this action; and

    ii. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action; and

    iii. Willfully violated the wage provisions of the FLSA; and

    iv. Willfully violated the record keeping provisions of the FLSA;

D. Order equitable relief mandating that Defendants cease and desist from any and all policies and practices that this Court may find to be violative of the FLSA;

E. Award compensatory damages, including all pay owed, in an amount according to proof;

F. Award liquidated damages on all compensation due accruing from the date such amounts were due;

G. Award all costs and reasonable attorneys' fees incurred in prosecuting this claim; and

H. For such further relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

**(Brought as a Class Action by Plaintiffs Nathaniel Boyce, Individually and on Behalf of All Others Similarly Situated)**

77. Plaintiffs re-allege Paragraphs 1 through 61 as and for Paragraph 77 of this Count II.

78. This Count arises from Defendants' willful violation of the IMWL for Defendants' failure to pay Plaintiff and the class all their earned minimum wages and overtime wages under the provisions of the IMWL. Plaintiff and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages and overtime wages for all time worked by them.

79. Section 105/4 of the IMWL requires employers to pay employees the statutory rate for all hours worked during a work week. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over 40 per work week. Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of

        2% of the amount of any such underpayment for each month following the date of underpayments and for other appropriate relief.

80. Defendants violated the IMWL by regularly and repeatedly failing to properly compensate Plaintiff and similarly-situated employees for the straight time and overtime they worked each week.

81. The proposed class of similarly situated persons is defined as:

> All individuals who were or are currently employed by Defendants, their subsidiaries, affiliates, predecessors and/or successors, as as kitchen staff or in similarly titled positions in the State of Illinois at any time during the relevant statute of limitations whose time worked was rounded to their detriment.

82. Defendants' failure to compensate Plaintiff and the putative class for the full amount for all time worked violates Section 4 and Section 4(a) of the IMWL, 820 ILCS 105/4, 4(a).

83. Count II is brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because the class of plaintiffs is so numerous that joinder of all class members is impracticable.

84. The class representatives and the putative class members have been equally affected by Defendants' failure to pay straight time and overtime wages.

85. Furthermore, those putative class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

86. The issues involved in this lawsuit present common questions of law and fact, specifically:

> i. Whether Defendants' employees were required and/or permitted to arrive early to work before the start of their scheduled shift times and/or remain at the workplace past the end of their scheduled shift times in order to perform work; and

      ii. Whether the putative class members were unpaid for their pre-shift and post-shift work; and

      iii. Whether the putative class members performed work during at least some of their unpaid meal breaks.

87. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

88. The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

89. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to class members, to the Court, and to the Defendants.

90. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiff Nathaniel Boyce, seeks the entry of an order of judgment against each of the Defendants, jointly and severally, under Count II as follows:

    A. Certify a class of individuals who were employed by Defendants as hourly-paid non-exempt employees in the State of Illinois at any time during the relevant statute of limitations period;

    B. Declare and find that the Defendants committed one or more of the following acts:

      i. Violated provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.*, by failing to pay minimum wages to Plaintiffs;

      ii. Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.*, by failing to pay overtime wages to Plaintiffs; and

    iii. Willfully violated minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*.

C. Order equitable relief mandating that Defendants cease and desist from any and all policies and practices that this Court may find to be violative of the IMWL;

D. Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

E. Award interest on all regular and overtime compensation due accruing from the date such amounts were due;

F. Award all costs and reasonable attorney's fees incurred prosecuting this claim; and

G. For such further relief as the Court deems just and equitable.

## COUNT III

### VIOLATION OF THE CITY OF CHICAGO MINIMUM WAGE ORDINANCE - MINIMUM WAGES

**(Brought as a Class Action by Plaintiff Nathaniel Boyce, Individually and on Behalf of All Others Similarly Situated)**

91. Plaintiffs re-allege Paragraphs 1 through 60 and Paragraphs 81 through 90 as and for Paragraph 91 of this Count III.

92. This count arises from Defendants' violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020. Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

93. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for all time Plaintiffs worked for Defendants at their Archer Avenue and 57th Street, Chicago, IL locations, they were entitled to be compensated at the applicable City of Chicago Minimum Wage.

94. Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiffs at the then-applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks at their Chicago, IL locations.

95. The proposed class of similarly situated persons is defined as:

> All individuals who were or are currently employed by Defendants, their subsidiaries, affiliates, predecessors and/or successors, as as kitchen staff or in similarly titled positions in the City of Chicago at any time during the relevant statute of limitations whose time worked was rounded to their detriment.

96. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1- 24-110, Plaintiffs are entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiff Nathaniel Boyce and the Opt-In Plaintiffs pray that this Court award the following relief under Count III:

A. Certify a class of individuals who were employed by Defendants as hourly-paid non-exempt employees in the City of Chicago at any time during the relevant statute of limitations period whose actual clock-in and clock-out times were rounded to their detriment;

B. Declare and find that the Defendants committed one or more of the following acts:

i. Violated provisions of the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020 by failing to pay agreed-upon wages to Plaintiffs;

ii. Willfully violated provisions of the Ordinance, by willfully failing to pay agreed-upon wages to Plaintiffs;

      C.      Order equitable relief mandating that Defendants cease and desist from any and all policies and practices that this Court may find to be violative of the Ordinance;

      D.      Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

      E.      Award punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, in the amount of three times the amount of all regular and overtime compensation due;

      F.      Award all costs and reasonable attorney's fees incurred prosecuting this claim; and

      G.      For such further relief as the Court deems just and equitable.

JURY DEMANDED ON ALL COUNTS

Date: March 27, 2019

                                        **Respectfully Submitted,**
                                        **NATHANIEL BOYCE,**
                                        **Individually and on Behalf of**
                                        **All Others Similarly Situated.**

                                        By: <u>/s/ Jeffrey Grant Brown</u>
                                                Jeffrey Grant Brown
                                                One of Plaintiffs' attorneys

| | |
|---|---|
| Jeffrey Grant Brown | Glen J. Dunn, Jr. |
| Jeffrey Grant Brown, P.C. | Glen J. Dunn & Associates, Ltd. |
| 221 North LaSalle Street, Suite 1414 | 221 North LaSalle Street, Suite 1414 |
| Chicago, IL 60601 | Chicago, IL 60601 |
| 312.789.9700 | 312.880.1010 |