THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL BOYCE, individually and on behalf of a class of persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SSP AMERICA MDW, LLC and SSP AMERICA, INC., <br><br> Defendants. | No. 19 C 2157 <br><br> Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nathaniel Boyce brings this action for unpaid wages against two defendants. One of the defendants, SSP America, Inc., now moves to dismiss the claims against it under Rules 12(b)(1) and 12(b)(6), arguing that Boyce failed to plead any facts showing that SSP is Boyce's employer. For the reasons stated here, the Court grants the motion [Dkt. 13] and dismisses the claims against SSP without prejudice.

**BACKGROUND**

The following allegations are taken from Boyce's complaint and are assumed true for purposes of this motion. Defendant SSP America, Inc. ("SSP"), a California corporation, provides food and beverage services at airports and rail stations in more than 30 countries. (Dkt. 1 ¶ 1.) SSP established an entity, SSP America MDW, LLC ("MDW") (together with SSP, "Defendants"), that provides food services at Chicago's Midway International Airport. (*Id.*) MDW is an Illinois limited liability company and SSP is one of its five managing agents. (*Id.* ¶¶ 8-9.) SSP manages MDW and acts as its parent organization. (*Id.*)

Boyce worked as kitchen staff and in related positions at Defendants' locations in Chicago, Illinois. (*Id.* ¶ 15.) He worked most recently at Defendants' location at 5757 West 59th Street in

1

Chicago. (*Id.* ¶ 15.) Defendants did not pay Boyce for time worked before and after the start and end times of each scheduled shift. (*Id.* ¶ 19.) Boyce moved stock into the restaurants, cleaned, mopped, swept, wiped countertops, and prepared for the opening and closing of the restaurants before and after his scheduled shifts and was not paid for that work. (*Id.* ¶ 20.) Boyce regularly performed work before the start time of his scheduled shifts (sometimes before clocking in, sometimes after), including donning required clothing and equipment, collecting supplies, preparing equipment, meeting with supervisors, and assisting in the kitchen. (*Id.* ¶¶ 42-43.) Defendants required Boyce to clock in before his scheduled shift time and clock out after his scheduled shift time, but only recorded the scheduled shift time as time worked and frequently failed to record all time worked. (*Id.* ¶¶ 25-26.) Defendants manipulated time records by deleting records of actual time worked and by transferring overtime hours from one week to the next to reclassify them as straight hours rather than overtime hours. (*Id.* ¶¶ 27, 47.) Defendants adjusted clock-in and clock-out times to conform with even hours or scheduled shift times, which typically resulted in Boyce being paid only for his scheduled shift time rather than his actual time worked. (*Id.* ¶ 46.) Defendants also failed to provide Boyce with meal breaks. (*Id.* ¶¶ 20-21.)

## DISCUSSION

Boyce brings claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the City of Chicago Minimum Wage Ordinance ("CMWO"). Defendant SSP moves to dismiss the claims against it because Boyce has not pleaded facts showing that SSP was his employer. SSP moves under Rule 12(b)(1) for lack of standing (and thus lack of subject-matter jurisdiction) and under Rule 12(b)(6) for failure to state a claim for relief. SSP does not dispute that MDW was Boyce's employer.

To survive the standing challenge, Boyce must show that he suffered (1) an injury in fact that is (2) fairly traceable to SSP's challenged conduct and (3) that likely will be redressed by a favorable decision. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, (2000)). Here, SSP raises a facial challenge to standing, so the Court must evaluate whether the complaint adequately pleads the elements of standing by applying the "same analysis used to review whether a complaint adequately states a claim" under Rule 12(b)(6). *Silha v. ACT, Inc.*, 807 F.3d 169, 173-74 (7th Cir. 2015) (citations omitted). Boyce "must plead sufficient factual allegations, taken as true, that 'plausibly suggest'" each standing element is met. *Berger*, 843 F.3d at 289 (quoting *Silha*, 807 F.3d at 174).

To overcome a Rule 12(b)(6) motion, "a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must accept the complaint's factual allegations as true and draw all permissible inferences in Boyce's favor. *Id.* However, "[w]hile a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate under [Rule] 8." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

Both of SSP's challenges involve a single issue—whether Boyce adequately alleged that SSP was his employer under the FLSA and Illinois and Chicago wage laws. Under the FLSA and IMWL, liability for unpaid wages extends only to "employers." 29 U.S.C. § 207(a); 820 ILCS 105/4. Employees have standing to sue only their current or former employers under the FLSA. *Berger*, 843 F.2d at 289 ("Under the FLSA, alleged employees' injuries are only traceable to, and redressable by, those who employed them.") (internal quotation marks omitted). Several courts have found, and the parties do not dispute, that the "employer" analysis is the same under the FLSA and the IMWL.[1] *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1127 n.2 (N.D. Ill. 2017) (collecting cases).

The FLSA's definitions do not provide much clarity. An "employee" means "any individual employed by an employer." 29 U.S.C. § 203(e). To "employ" means to "suffer or permit to work." *Id.* § 203(g). And "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d); *see Ivery*, 280 F. Supp. 3d at 1127. Consistent with Supreme Court guidance to construe the terms "employer" and "employee" broadly, courts "must examine the economic reality of the working relationship to assess whether an entity is an employer." *Ivery*, 280 F. Supp. 3d at 1127 (quoting *Hollins v. Regency Corp.*, 867 F.3d 830, 835 (7th Cir. 2017)). Whether an entity is an employer under the FLSA is a question of law. *Karr v. Strong Detective Agency Inc.*, 787 F.2d 1205, 1206-07 (7th Cir. 1986).

To examine the "economic realities" of working relationships, courts look to "the totality of the circumstances" rather than applying "formalistic labels or common law concepts of agency."

---

[1] The CMWO similarly applies only to "Employers," defined as "any individual, partnership, association, corporation, limited liability company, business trust, or any person or group of persons that gainfully employs at least one Covered Employee." Municipal Code of Chicago, Chapters 1-24-10; 1-24-20.

4

*Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 785 (N.D. Ill. 2011) (citations omitted). While there is no set framework for establishing an employer-employee relationship, courts look at whether the defendant (1) had the power to hire and fire the employee, (2) supervised and controlled the employee's work schedule or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *See Ivery*, 280 F. Supp. 3d at 1128 (collecting cases); *see also Moldenhauer v. Tazewell-Pekin Consol. Commc'ns. Cent.*, 536 F.3d 640, 644 (7th Cir. 2008) (holding that "these factors are certainly relevant in deciding whether an employer-employee relationship exists," but they are not "the only relevant factors, or even the most important").

An employee can have more than one employer at a time. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973). Federal regulations contemplate that entities that share common control over an employee may be deemed "joint employers" under the FLSA. *See* 29 C.F.R. § 791.2(a). Courts apply the same economic reality test "to determine whether more than one employer may be held liable under the FLSA." *Ivery*, 280 F. Supp. 3d at 1128 (citing *Reyes v. Remington Hybrid Seed Co., Inc.*, 495 F.3d 403, 406-08 (7th Cir. 2007)). Though the joint-employer analysis depends on the specific facts of each case, "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee." *Moldenhauer*, 536 F.3d at 644.

Boyce argues that he pleaded a joint-employer relationship between MDW and SSP. Boyce alleges that SSP is one of MDW's "managing agents" and "manages and acts as the parent organization" of MDW. (Dkt. 1 ¶¶ 8-9.) Boyce also alleges that SSP and MDW "jointly . . . controlled and implemented the policy, practice and procedure of paying [him] for [his] rounded hours" rather than recorded hours or all time worked. (*Id.* ¶ 60.) He further alleges that

"Defendants," acting under SSP's control and with SSP's knowledge, permitted him to begin working before his scheduled shift time. (*Id.* ¶ 40.) The bulk of the Complaint alleges that "Defendants" engaged in the complained-of conduct, without specifying which entity did what.

SSP argues that Boyce's allegations that he was employed by SSP are conclusory. SSP argues that, rather than provide any details about the economic reality of his relationship with SSP, Boyce makes boilerplate allegations that fail to distinguish between SSP and MDW, which are separate corporate entities. As such, SSP argues that Boyce has not pleaded facts establishing that SSP was his employer, and so the Complaint fails to state a claim against SSP and he lacks standing to bring claims against SSP. Boyce contends that his allegations do establish that MDW and SSP were his joint employers. He also argues that SSP's argument is overly-technical and places undue emphasis on Boyce's use of the term "Defendants" in the complaint.

Boyce fails to plead facts showing that SSP was his employer. The key question is whether Boyce alleged facts showing that SSP controlled his employment. *Moldenhauer*, 536 F.3d at 644; *see also Villareal*, 776 F. Supp. 2d at 785. Boyce first relies on his allegations that SSP was a managing agent of MDW and managed and acted as MDW's parent organization. (Dkt. 19 at 5.) Those labels are not sufficient to establish that SSP was Boyce's employer, because the Court ignores such "formalistic labels or common law concepts of agency" and instead considers "the totality of the circumstances" to determine whether SSP controlled Boyce's working conditions. *Villareal*, 776 F. Supp. 2d at 785. Looking to all the circumstances alleged here, Boyce does not allege enough detail about SSP's role or actions to establish that it controlled his working conditions. Boyce does not allege, for example, which entity hired him, which entity paid him, or which entity directly supervised his work. Most of Boyce's allegations refer generally to "Defendants," which he defines to include both MDW and SSP, but such vague and

6

undifferentiated allegations are not sufficient to establish a joint-employer relationship. Boyce must allege facts showing which particular entity or entities controlled his working conditions in order to proceed under a joint-employer theory, and his Complaint does not do so. *See, e.g.*, *Ivery*, 280 F. Supp. 3d at 1129 (joint allegations against three related defendant entities that did not specify which entity hired, paid, or directly supervised plaintiff failed to establish joint-employer relationship under FLSA and IMWL); *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9-10 (1st Cir. 2012) (finding that "some direct employer needs to be identified before anyone in a group could be liable" on a joint-employer theory under the FLSA); *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (noting in dicta that plaintiff's "actual and direct employer is an essential element of notice pleading" in FLSA action involving related defendants).

Boyce cannot remedy this deficiency simply by replacing the Complaint's references to "Defendants" with references to "MDW and SSP." And bringing allegations stating that SSP "controlled his employment" will not do the trick either. *See Ivery*, 280 F. Supp. 3d at 1129 (conclusory allegations that defendants "share control over the terms and conditions" of plaintiff's employment and "had the power to control terms and conditions" of plaintiff's employment do not establish a joint-employment relationship). To establish that SSP was his employer, Boyce must allege facts showing that SSP specifically exercised control over his working conditions—for example, that SSP had the power to hire and fire him, that SSP supervised and controlled his work schedule and conditions of employment, that SSP determined how he was paid, and that SSP maintained employment records. *See Moldenhauer*, 536 F.3d at 644; *see also Ivery*, 280 F. Supp. 3d at 1131 ("There are no allegations that [defendant] set [plaintiff's] work schedule, directly

7

supervised her day-to-day work. . . or issued her payroll checks. These are the types of allegations that allow courts to draw reasonable inferences that an entity 'controls' working conditions.").

The other allegations Boyce relies on are conclusory. He alleges, for instance, that Defendants are "'employers' as defined by" the FLSA, IMWL, and CMWO (Dkt. 1 ¶ 11); that he is an "employee" under the definitions in those laws (*id.* ¶ 12); that "Defendants have employed [him] to perform work for Defendants" (*id.* ¶ 13); that he was "hired by and employed by Defendants" (*id.* ¶ 17); and that the "Defendants . . . jointly" implemented the policies and practices he complains of (*id.* ¶ 60). The Court disregards these kinds of bare, conclusory allegations because they are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678; *see also Ivery*, 280 F. Supp. 3d at 1130; *Richardson v. Help at Home, LLC*, No. 17 C 60, 2017 WL 2080448, at *3 (N.D. Ill. May 15, 2017) (the "bare allegation" that plaintiff "was an employee of Defendants" failed to establish joint-employer liability).

For these reasons, Boyce fails to allege facts showing that SSP was his employer, which is an essential element of his claims under the FSLA, IWML, and CMWO. Boyce's claims against SSP are dismissed without prejudice for failure to state a claim.

Boyce fails to overcome SSP's standing challenge for the same reasons. Because this is a facial challenge to standing, the *Iqbal/Twombly* standard applies and Boyce must plausibly show that he suffered an injury-in-fact fairly traceable to SSP's conduct. *See Silha*, 807 F.3d 169, 173-74. In other words, Boyce has standing to bring claims only against "those who employed [hi]m" and he has not pleaded facts showing that SSP was his employer. *Berger*, 843 F.2d at 289. And if Boyce does not plead facts showing that SSP is his employer, he cannot show that his injury is fairly traceable to SSP's conduct. Boyce's claims against SSP are dismissed because he lacks standing to sue an entity that did not employ him. *See id.* (affirming dismissal of claims under

12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim where plaintiffs failed to plead existence of employer-employee relationship); *Ivery*, 280 F. Supp. 3d at 1127-28 (dismissing claims against one defendant on standing and 12(b)(6) grounds where plaintiff failed to plead existence of joint-employer relationship).

## CONCLUSION

For the reasons stated here, Defendant SSP's motion to dismiss [Dkt. 13] is granted. Boyce's claims against SSP are dismissed without prejudice.

                                                                                       _____
                                                                                       Virginia M. Kendall
                                                                                      United States District Judge

Date: July 31, 2019